**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA GABRIELA VIDRIO ESPINOZA, et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    18-70772 <br><br> Agency Nos.    A206-498-501 <br> A206-498-502 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Ana Gabriela Vidrio Espinoza and her daughter, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm petitioners suffered did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm'"); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not part of "a pattern of persecution closely tied to" petitioner) (internal quotation marks and citation omitted).

Petitioners fear harm in Mexico because of their membership in the particular social groups of the immediate family of Vidrio Espinoza's husband and as family members of a murder or kidnapping victim. Substantial evidence supports the agency's determination that petitioners failed to establish that any harm they fear in Mexico would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or

18-70772

will be *on account of* his membership in such group" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (noting that a claim of future persecution can be weakened or undercut when family members or similarly situated individuals live in the country without harm), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir. 2007). Thus, petitioners' asylum claim fails.

In their opening brief, petitioners fail to challenge the agency's denial of withholding of removal and CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to withholding of removal and CAT relief.

**PETITION FOR REVIEW DENIED.**